[Cite as *State v. Stevens*, 2015-Ohio-307.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 AP 0005 |
| TIMMY STEVENS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  12 CR 0024


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         January 28, 2015


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

MARK J. HOWDYSHELL                      PETER N. CULTICE
PROSECUTING ATTORNEY                    CULTICE LAW OFFICE
19 East Main Street                     58 North Fifth Street
McConnelsville, Ohio  43756             Zanesville, Ohio  43701

*Wise, J.*

{¶1}. Appellant Timmy Stevens appeals from the decision of the Court of Common Pleas, Morgan County, which denied his post-trial motion for a new trial based on alleged juror misconduct. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. On June 12, 2012, appellant got into an argument with John Davis. The dispute escalated into a physical altercation involving firearms. Appellant ultimately fired three gunshots into a car where Davis was sitting, fatally striking him once in the skull. Another shot ricocheted within the interior of the car and wounded a small child who was inside the vehicle.

{¶3}. Appellant was thereafter indicted by the Morgan County Grand Jury, and the matter proceeded to a jury trial on July 8 through July 10, 2013, following which appellant was convicted of murder, with a firearm specification; felonious assault, with a firearm specification; tampering with evidence; theft of an automobile; abuse of a corpse; and having weapons under a disability. Appellant was also found to be a repeat violent offender.

{¶4}. The trial court imposed an indefinite term of incarceration of 15 years to life for the murder conviction, with a three year mandatory term for the firearm specification and a ten year definite term for the repeat violent offender specification. For the felonious assault conviction, the trial court imposed an eight year term of incarceration, with a definite term of three years for the firearm specification and an eight year definite term for the repeat violent offender specification. The trial court ordered the sentence for murder and the specifications thereto to run consecutive to

the sentence for felonious assault and the specifications thereto. The trial court also imposed a definite term of 36 months for having weapons under disability, a definite term of 36 months for tampering with evidence, a definite term of 12 months for abuse of a corpse, with the sentences to run concurrently.

{¶5}. On July 23, 2013, appellant filed a motion for new trial in the trial court. He therein asserted that one of the jurors, Noah Matthews, during voir dire questioning had failed to disclose the fact of his sister's 2009 rape and murder. Attached to the motion for new trial, Attorney Gregory W. Meyers (appellant's trial counsel) submitted an affidavit averring that he had received this information after the jurors reached a guilty verdict. Attorney Meyers further averred that had he known Noah Matthews suffered this tragedy in his family, he would have moved to excuse the juror for cause and, failing that, would have removed him by way of peremptory challenge. The motion further included a copy of the obituary for Matthews' sister, Abi Shalom Matthews.

{¶6}. The trial court implicitly denied the motion for a new trial without conducting an evidentiary hearing.

{¶7}. Appellant then filed a direct appeal, assigning as error the trial court's denial of a new trial and failure to merge the charges of murder and felonious assault for sentencing. On April 17, 2014, this Court issued a decision affirming the trial court on the issue of merger, but reversing in part on the issue of the denial of a new trial. *See State v. Stevens*, 5th Dist. Morgan No. 13AP0003, 2014-Ohio-1703 ["*Stevens I*"]. Specifically, we stated as follows:

{¶8}. "We find *** the juror's failure to respond during voir dire to the question presented by defense counsel despite his family history warrants a hearing to

determine whether the juror's failure to respond materially prejudiced Appellant's substantial rights. We note Appellant must demonstrate an accurate response would have provided a valid basis for a for-cause challenge. We interpret such as not merely providing a basis to challenge, but further to demonstrate the for-cause challenge would have been successful, despite any rehabilitation of the juror. Accordingly, we remand the matter to the trial court for further proceedings in accordance with the law and this opinion."

{¶9}.  *Id.* at ¶ 38.

{¶10}. Upon remand the trial court duly conducted a hearing on June 17, 2014 on appellant's new trial motion. Present at the hearing were Prosecuting Attorney Mark Howdyshell, Assistant Attorney General Paul Scarsella, and Attorney Peter Cultice (on behalf of Appellant Stevens, who was also present). Juror Noah Matthews was sworn as a witness and questioned on direct and cross-examination. Via a judgment entry filed July 11, 2014, the trial court again denied the motion for new trial, finding inter alia " *** there is no basis for a for cause challenge and that any nondisclosure of material information by Noah Matthews did not prejudice the Defendant in any manner." Judgment Entry at 2.

{¶11}. On July 29, 2014, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶12}. "I. THE TRIAL COURT ERRED BY NOT GRANTING A NEW TRIAL TO DEFENDANT IN LIGHT OF THE FACT THAT A JUROR DELIBERATELY CONCEALED INFORMATION FROM DEFENSE COUNSEL DURING VOIR DIRE

WHICH INFORMATION, IF REVEALED, WOULD HAVE HAD THE JUROR EXCUSED 'FOR CAUSE.' "

**I.**

{¶13}. In his sole Assignment of Error, appellant maintains the trial court erred in denying his motion for new trial following our prior remand for hearing. We disagree.

{¶14}. The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a defendant accused of a state criminal violation shall be tried before a panel of fair and impartial jurors. *State v. Johnson*, 5th Dist. Stark No. 2011–CA–237, 2012-Ohio-3227, ¶ 24 (citations omitted). *See*, *also*, Ohio Constitution, Article I, Section 10. Crim.R. 33(A)(2) provides as follows: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: *** Misconduct of the jury, prosecuting attorney, or the witnesses for the state."

{¶15}. The granting of a new trial lies in the trial court's sound discretion. *State v. Swanson,* 5th Dist. Ashland No. 02COA048, 2003-Ohio-16, ¶ 7, citing *State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *See Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶16}. In *Grundy v. Dhillon,* 120 Ohio St.3d 415, 164, 900 N.E.2d 153, 2008–Ohio–6324, the Ohio Supreme Court concluded as follows:

{¶17}. " *** [W]e hold that to obtain a new trial in a case in which a juror has not disclosed information during voir dire, the moving party must first demonstrate that a

juror failed to answer honestly a material question on voir dire and that the moving party was prejudiced by the presence on the trial jury of a juror who failed to disclose material information. To demonstrate prejudice, the moving party must show that an accurate response from the juror would have provided a valid basis for a for-cause challenge. We also hold that in determining whether a juror failed to answer honestly a material question on voir dire and whether that nondisclosure provided a basis for a for-cause challenge, an appellate court may not substitute its judgment for the trial court's judgment unless it appears that the trial court's attitude was unreasonable, arbitrary, or unconscionable."[1]

{¶18}. In the case sub judice, the following exchange took place at the June 17, 2014 hearing, following remand:

{¶19}. "Q. [APPELLANT'S COUNSEL] When Mr. Meyers, who was defending, was the defense counsel at this trial for- for Mr. Stevens, he had asked the question, how about family and friends? Who's had a person you would call, whether friend, family, now or formerly, good friend, that was a victim of a violent offense? But you didn't raise your hand or say anything at that time. Is there any particular reason why you didn't speak up?

{¶20}. "A. [MATTHEWS] I'm not- I'm not biased. I mean, what happened in the past, happened in the past.

{¶21}. "Q. Okay. But even though the question was asked about how family and friends - how about family and friends, who's had a person you call, whether friend,

---

[1] We recognize that *Grundy* was a civil case and thus entailed Civ.R. 59. However, as in *Stevens I*, we find its rationale applicable to the circumstances presented herein.

family, now or formerly, good friend, that was a victim of a violent offense, you decided not to raise your hand?

**{¶22}.** "A. I guess.

**{¶23}.** "Q. You understood the question that was asked; is that correct?

**{¶24}.** "A. Yeah.

**{¶25}.** "Q. And you just decided not to answer it?

**{¶26}.** "A. Yeah."

**{¶27}.** Tr. at 35.

**{¶28}.** Matthews also responded as follows, concerning the trial judge's own admonition and voir dire questioning:

**{¶29}.** "Q. [APPELLANT'S COUNSEL] Okay. Do you know why you didn't answer the [trial judge's] question?

**{¶30}.** "A. [MATTHEWS] No. I think it was just where they were just asking anyone who wanted to answer it, answer it.

**{¶31}.** "Q. Okay. So you thought it was just voluntary, and you just didn't answer it?

**{¶32}.** "A. Um- huh.

**{¶33}.** "Q. I'm sorry. You've got---

**{¶34}.** "A. Yes, sir."

**{¶35}.** Tr. at 42.

**{¶36}.** Appellant presently maintains that the hearing shows Matthews had made a "conscious decision" to fail to respond to the pertinent voir dire questions and admonitions at appellant's trial. However, we reiterate that our prior remand instructed

the trial court to consider whether appellant could demonstrate that "the for-cause challenge would have been successful, despite any rehabilitation of the juror." *See Stevens I* at ¶ 38. We note Matthews responded during cross-examination at the June 17, 2014 hearing that his sister's murder had not affected his thought process in any way during his service as a juror. Tr. at 45. Certainly, "[a] court *may* infer bias if it finds deliberate concealment ***." *State v. Williams,* 79 Ohio St.3d 1, 4 (1997) (emphases altered). But this rule of law again demands that an appellate court allow the trial court to exercise wide discretion in assessing a juror's conduct in this realm. Notably, "[a] prospective juror is not automatically disqualified by the fact that a close relative has been the victim of a crime similar to the crime on trial." *State v. Murphy*, 91 Ohio St.3d 516, 525, 747 N.E.2d 765, 783 (2001) (additional citations omitted).

{¶37}. Furthermore, in this instance, the trial court judge was the same for the trial, for the post-trial motion for a new trial, and for the hearing on the motion pursuant to our remand. As we noted in a slightly different context in *State v. Davis*, 5th Dist. Ashland No. 02 COA 9, 2002-Ohio-5286, "the acumen gained by the trial judge who presided during the entire course of these proceedings makes him well qualified to rule on the motion for a new trial ***." *Id*. at ¶ 21, quoting *U.S. v. Curry* (C.A.5, 1974), 497 F.2d 99, 101.[2]

{¶38}. Upon review of the record before us, we are unpersuaded that the trial court's denial of appellant's new trial motion following a hearing constituted an abuse of discretion under the circumstances presented.

---

[2] *Davis* entailed a motion for new trial, denied without a hearing, based on affidavits concerning the discovery of evidence of witness recantation (Crim.R. 33(A)(6)).

{¶39}. Appellant's sole Assignment of Error is overruled.

{¶40}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morgan County, Ohio, is affirmed.


By: Wise, J.

Hoffman, P. J., and

Gwin, J., concur.

JWW/d 0114