[Cite as *State v. Pistawka*, 2016-Ohio-1523.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JAMES THOMAS PISTAWKA

    Appellant

C.A. No.    27828

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2014 05 1398

DECISION AND JOURNAL ENTRY

Dated: April 13, 2016

HENSAL, Judge.

{¶1} James Pistawka appeals his convictions for rape, gross sexual imposition, and sexual battery from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} The Grand Jury indicted Mr. Pistawka on five counts of rape, nine counts of gross sexual imposition, and one count of sexual battery. The charges arose out of incidents reported by Mr. Pistawka's daughters and step-daughter.

{¶3} According to C.G., she was nine years old when Mr. Pistawka married her mother in 2001. Beginning when she was 10, Mr. Pistawka would ask her to sit under a blanket with him and watch a movie. During the movie, he would put his hands down her pants and on her vagina. Other times, Mr. Pistawka offered to tuck her into bed. While in her room, he would sit on her bed, reach under her nightgown and put a finger inside her vagina. He also twice put his

mouth on it. C.G. testified that, one time while she was in Mr. Pistawka's room, he took his penis out and made her rub it for a few seconds. According to C.G., she reported his conduct after she ran away from home when she was fifteen years old. After living in several different places, however, she missed her mother and wanted to return home. C.G. testified that she was not allowed to return until she recanted her accusations against Mr. Pistawka. C.G., therefore, did recant her accusations and the investigation into them was dropped until her step-sisters made their own allegations.

{¶4} S.P. testified that she was born in 1999 and is Mr. Pistawka's daughter. He began touching her inappropriately when she was seven years old while she visited him on weekends. According to S.P., he would call her into his room to cuddle under a blanket. After getting under it with him, he would move her hand onto his penis. As she grew older, he began getting more physical with her. He would stick his hands down her shirt to touch her breasts, put them down her pants to touch her vagina, and force her to kiss him for long periods. One day at school while learning about the treatment of women during the French Revolution, her teacher informed her class that rape is a hate crime. Wondering if Mr. Pistawka hated her, she told her mother about the touching. Her mother called the police.

{¶5} K.P., another of Mr. Pistawka's daughters, testified that he only touched her inappropriately one time. According to K.P., she was staying at her grandmother's house when Mr. Pistawka came into her room to put a movie in for her. At the time, she was sitting on the edge of the bed. After Mr. Pistawka put the movie in, he came over to her and pushed her legs apart so that he could hug her. He also began kissing her face and neck. Uncomfortable with his actions, she got up, but Mr. Pistawka came up behind her and grabbed her, pressing himself against her buttocks. He started kissing her again on her neck and jawline and also put one of

his hands down below her belly button. After a few minutes, however, he stopped and left the room.

{¶6} A jury found Mr. Pistawka guilty of two counts of rape and four counts of gross sexual imposition as to C.G., one count of rape, four counts of gross sexual imposition, and one count of sexual battery as to S.P., and one count of gross sexual imposition as to K.P. After merging the sexual battery count with one of the rape counts, the trial court sentenced Mr. Pistawka to a total of 15 years imprisonment. Mr. Pistawka has appealed, assigning three errors, which this court has rearranged to facilitate our analysis of them.

ASSIGNMENT OF ERROR II

APPELLANT INCURRED PLAIN ERROR WHEN THE TRIAL COURT FAILED TO SEVER THE CHARGES IN THIS CASE AS ALLEGED BY THE THREE SEPARATE VICTIMS.

{¶7} Mr. Pistawka argues that the trial court incorrectly denied his motion to sever the counts in the indictment. He concedes that, because he did not renew his motion at the conclusion of all the evidence, he has forfeited all but plain error. *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922, 10CA009915, 2012-Ohio-1263, ¶ 17-18. Under Criminal Rule 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Wickline*, 50 Ohio St.3d 114, 120 (1990).

{¶8} Mr. Pistawka argues that the court should not have allowed the State to try the offenses together because the testimony of each victim would not have been admissible at the

others' trials and because the evidence was not so simple and distinct that the jury could separate it. *See State v. Schaim*, 65 Ohio St.3d 51, 59 (1992) (providing criteria for determining whether a defendant was prejudiced by the joinder of multiple offenses). He argues that the testimony of each alleged victim was inflammatory as to the offenses involving the others, especially the offense involving K.P., who only alleged that he hugged her uncomfortably on one occasion.

{¶9} Criminal Rule 14 provides that, "[i]f it appears that a defendant * * * is prejudiced by a joinder of offenses * * *, the court shall order an election or separate trial of [the] counts * * *." To prevail on a claim that the trial court erred in denying a motion to sever, the defendant normally "has the burden of demonstrating three facts." *Schaim* at 59.

> He must affirmatively demonstrate (1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial.

*Id*. Because Mr. Pistawka did not preserve his argument, however, he must establish that the court committed plain error. *See State v. Howard*, 3d Dist. Marion No. 9-10-50, 2011-Ohio-3524, ¶ 82.

{¶10} Assuming, for the sake of argument, that the court should not have tried Mr. Pistawka's offenses together, we conclude that Mr. Pistawka has not established that the outcome of his trial clearly would have been different. Although he contends that the testimony of each victim would not have been supported by the allegations of the others if the offenses had been separated, we note that C.G., S.P. and K.P each took the stand to present direct evidence of Mr. Pistawka's attacks. They also each specifically identified Mr. Pistawka as their attacker. Accordingly, while the jury may have been more willing to credit their testimony in light of the testimony of the other victims, we cannot say that the outcome of Mr. Pistawka's trial clearly

would have been different if the offenses had been separated. *See State v. Bell*, 7th Dist. Mahoning No. 06-MA-189, 2008-Ohio-3959, ¶ 21. Mr. Pistawka's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW PURSUANT TO THE UNITED STATES AND OHIO CONSTITUTIONS WHEN THE STATE INTRODUCED EVIDENCE OF A CARE INTERVIEW THROUGH A WITNESS WHO HAD NOT CONDUCTED THE INTERVIEW AND DEFENSE COUNSEL WAS NOT PERMITTED TO CROSS-EXAMINE THE WITNESS REGARDING THE INTERVIEW.

**{¶11}** Mr. Pistawka next argues that the trial court erred when it allowed the State to play the video of an interview that C.G. gave to a hospital social worker. The social worker who conducted the interview no longer worked at the hospital at the time of trial, so the State played the interview during the testimony of the social worker who replaced her and who had interviewed S.P. after S.P. reported Mr. Pistawka's actions. On cross-examination of the social worker who interviewed S.P., the trial court refused to allow Mr. Pistawka to ask about what was said during C.G.'s interview. The court explained that, because the social worker who was on the stand had not conducted the interview, she was "in no better position than the jury to judge what the evidence was * * * ." According to Mr. Pistawka, his inability to cross-examine the social worker who conducted C.G.'s interview violated his right to confrontation.

**{¶12}** To the extent that Mr. Pistawka argues that C.G.'s interview should not have been played for the jury, we note that Mr. Pistawka objected to the playing of C.G.'s interview because C.G. had already testified. He did not argue that playing the video would violate his right to confrontation. He, therefore, has forfeited that issue for appeal. *State v. Ricks*, 9th Dist. Medina No. 09CA0094-M, 2010-Ohio-4659, ¶ 13. Although Mr. Pistawka has not forfeited

consideration of plain error, he has not argued plain error on appeal and we decline to develop an argument for him. *Id*.

{¶13}  To the extent that Mr. Pistawka argues that the court incorrectly refused to let him question the social worker who interviewed S.P. about the content of C.G.'s interview, he has not pointed this Court to any authority that establishes that he should have been permitted to ask her about the content of the interview, let alone that the trial court's ruling, according to him, "denied him a fair trial and due process[.]"  Mr. Pistawka's third assignment of error is overruled.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14}  Mr. Pistawka next argues that his conviction involving K.P. is not supported by sufficient evidence because there was no evidence that he hugged her with the purpose of sexually arousing or gratifying himself.  Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶15}  The jury found Mr. Pistawka guilty of one count of gross sexual imposition regarding K.P.  Revised Code section 2907.05(A)(4) provides that "[n]o person shall have sexual

contact with another * * * when any of the following applies * * * [t]he other person * * * is less than thirteen years of age * * *." "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶16} Although there was no direct evidence that Mr. Pistawka pressed himself against K.P.'s buttocks for the purpose of sexual arousal or gratification, a "trier of fact may infer a purpose of sexual arousal or gratification from the 'type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Persinger*, 9th Dist. Lorain No. 13CA010397, 2014-Ohio-4125, ¶ 5, quoting *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 10. According to K.P., she got up from the bed where she had been sitting because Mr. Pistawka was kissing her face and neck while hugging her good night, which she thought was "weird" given her age. After she stood, Mr. Pistawka came up behind her and grabbed her arms, pulling them across her. He went to tickle her, but reached past her belly button, lower than she thought he should have. As he held her and pressed against her buttocks, he began kissing her again along her neck and jawline. According to K.P., the kissing lasted for several minutes, even after she asked him to stop.

{¶17} Viewing K.P.'s testimony in a light most favorable to the State, we conclude that there was sufficient evidence from which the jury could infer that Mr. Pistawka touched one of K.P.'s erogenous zones for the purpose of sexual arousal or gratification. We, therefore, reject his argument that his conviction for gross sexual imposition as to K.P. is not supported by sufficient evidence.

{¶18} Mr. Pistawka also argues that his convictions are against the manifest weight of the evidence. If a defendant asserts that his convictions are against the manifest weight of the evidence

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶19} Mr. Pistawka argues that the jury lost its way with respect to the charges involving each girl because it was influenced by the testimony of the other girls. Regarding C.G.'s allegations, Mr. Pistawka notes that C.G. saw several counselors during the years before she ran away from home, but never said anything to any of them about his alleged touching. He also notes that C.G.'s mother testified that she never told C.G. that she could only return home if she recanted her allegations against Mr. Pistawka. He further notes that C.G.'s mother and brother testified that C.G. does not have a reputation for truthfulness in the community.

{¶20} Regarding S.P.'s allegations, Mr. Pistawka notes that S.P. met with a social worker in 2011, but did not say anything to her about his alleged improper touching, even though she testified that it had started in 2006. Regarding K.P.'s allegations, he repeats his assertion that there was not even sufficient evidence to support his conviction.

{¶21} The social worker who conducted S.P.'s interview testified that it is common for children to not report sexual acts with a family member because they may be embarrassed by it, they may have been threatened, or they might simply not understand everything that happened until they are older. She also testified that it can take some time for a child to become comfortable enough with a counselor for them to disclose what happened. Her testimony provided an explanation for why C.G. and S.P. did not report Mr. Pistawka's acts earlier, despite the fact that they were receiving professional counseling. We also note that "the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 29. Upon review of the record, we cannot say that the jury lost its way when it gave credence to C.G., S.P., and K.P.'s testimony. Accordingly, we conclude that Mr. Pistawka's convictions are not against the manifest weight of the evidence. Mr. Pistawka's third assignment of error is overruled.

III.

{¶22} Mr. Pistawka's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.