[Cite as *State v. Boysel*, 2014-Ohio-1272.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

STEVEN S. BOYSEL, JR.

      Defendant-Appellant

Appellate Case No.    2013-CA-78

Trial Court Case Nos.   2012-CR-0738/
                        2013-CR-0066

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of March, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, P.O. Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

PATRICK D. WALSH, Atty. Reg. No. 0085482, P.O. Box 543, Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

      **{¶ 1}**   In this case, we are asked to decide whether the trial court erred when it

sentenced Appellant, Steven S. Boysel, Jr. According to Boysel, the trial court prejudicially erred by failing to follow all applicable rules and regulations for sentencing, and by refusing to merge the sentences. Boysel also contends that the trial court abused its discretion in imposing sentence.

{¶ 2} We conclude that the trial court did not either commit error or abuse its discretion in sentencing Boysel. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} On October 13, 2012, Steven Boysel was apprehended by a Wal-Mart employee for shoplifting shaving razors from the store, which was located in Springfield, Ohio. When authorities searched Boysel, they discovered that he was in possession of a concealed .25 caliber Phoenix Arms handgun. At the time, Boysel was under a disability for a prior felony drug trafficking conviction. The officers also discovered that Boysel was in possession of less than one gram of heroin.

{¶ 4} On October 29, 2012, the Clark County Grand Jury indicted Boysel on eleven counts, including various felony drug charges, and on charges of Carrying a Concealed Weapon, Having a Weapon Under Disability, and Receiving Stolen Property. The indictment was filed in Clark County Common Pleas Court Case No. 12-CR-0738. Subsequently, on January 28, 2013, Boysel was indicted for Robbery (while possessing a deadly weapon), with a firearm specification. That indictment was filed in Clark County Common Pleas Court Case No. 13-CR-0066.

{¶ 5} The trial court consolidated the cases on August 5, 2013. Boysel then accepted

a negotiated plea of guilty to the one count of Robbery, R.C. 2911.02(A)(1), (Felony 2), and the one-year firearm specification, R.C. 2941.141, in Case No. 13-CR-0066. He also entered a plea of guilty to one count of Having a Weapon Under Disability, R.C. 2923.13(A)(3), (Felony 3), and Possession of Heroin, R.C. 2925.11(A), (Felony 5), in Case No. 12-CR-0738. As a result of the plea, the other charges in both cases were dismissed. The guilty plea exposed Boysel to a potential prison sentence of 13 years. Prior to sentencing Boysel, the trial court ordered a pre-sentence investigation.

{¶ 6} On August 28, 2013, the trial court held a sentencing hearing. The Court noted that Boysel was under community control supervision at the time of the offense for a prior felony conviction. Boysel also had a history of criminal convictions, and he had not responded favorably to sanctions previously imposed for criminal convictions. Furthermore, while on community control, Boysel had absconded to another state and had avoided supervision. The court additionally commented that, based upon Boysel's statements, Boysel had no genuine remorse for committing the offenses. Finally, the court noted that Boysel scored high on the Ohio Risk Assessment Survey. *See* August 28, 2013 Sentencing Hearing Tr., p. 9.

{¶ 7} After making these remarks, the trial court sentenced Boysel to an aggregate seven-year prison sentence: three years for the Weapons Under Disability conviction, one year for the Possession of Heroin conviction, six years for the Robbery conviction, and one year for the firearm specification. The court ordered that all sentences be served concurrently, except the mandatory consecutive sentence for the firearm specification. Sentencing Tr., pp. 9-11.

## I. FIRST and SECOND ASSIGNMENTS OF ERROR

{¶ 8} Boysel's First Assignment of Error states that:

The trial court failed to follow all applicable rules and regulations regarding the felony sentencing of Mr. Boysel.

{¶ 9} Boysel's Second Assignment of Error states that:

The trial court abused its discretion in the sentencing of Mr. Boysel.

{¶ 10} For purposes of convenience, we will consider these two interrelated assignments of error together. As an initial matter, we note that the standard for reviewing criminal sentences is explained in *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, 25576, 2013-Ohio-5759, as follows:

In order to be consistent with the approach of other Ohio appellate districts that have already considered this issue in light of H.B. No. 86, we will no longer apply the two-part test in *Kalish* when reviewing felony sentences controlled by H.B. 86. From now on we will use the standard of review set forth in R.C. 2953.08(G)(2).

R.C. 2953.08(G)(2) states that "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." The statute also explicitly states that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the appellate court may take any action authorized under R.C. 2953.08(G)(2) if the appellate court "clearly and convincingly" finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section

2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b).

It is important to note "that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative.  It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings."  *[State v.] Venes*, 2013-Ohio-1891, 992 N.E.2d 453 [ (8th Dist.) ], at ¶ 21.  "In other words, the restriction is on the appellate court, not the trial judge.  This is an extremely deferential standard of review."  *Rodeffer* at ¶ 29-31, discussing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶ 11}  "Furthermore, '[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law.' * * * According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." (Citations omitted).  *Rodeffer* at ¶ 32.

{¶ 12}  As was noted above, the trial court expressed its reasons for the sentences imposed.  The court also stated in its journal entry that it had considered the principles and purposes of sentencing under R.C. 2929.11, and had balanced the seriousness and recidivism

factors under R.C. 2929.12. In addition, the sentences were within the statutory range.

**{¶ 13}** The trial court is not required to state on the record the statutory factors it considered before sentencing. *State v. Shively*, 2d Dist. Clark No. 07-CA-74, 2008-Ohio-3716, ¶ 6. Unless the record shows that the court failed to consider the factors, or that the sentence is "strikingly inconsistent" with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range. (Citations omitted.) *State v. Rutherford*, 2d Dist. Champaign No. 08-CA-11, 2009-Ohio-2071, ¶ 34. Furthermore, if the record is silent regarding the principles and purposes of sentencing, "we generally presume that the trial court complied with its duty to consider the factors set forth in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 28.

**{¶ 14}** In the case before us, the trial court ordered all the sentences to be served concurrently, except the mandatory consecutive sentence that applied to the one-year firearm specification. We do not clearly and convincingly find that the record fails to support the court's findings or that the sentence is otherwise contrary to law. Additionally, even if *Rodeffer* failed to apply, we would find no abuse of discretion or other error warranting reversal. Accordingly, we overrule Boysel's first and second assignments of error.

### III.  THIRD ASSIGNMENT OF ERROR

**{¶ 15}** Boysel's third assignment of error states that:

The trial court erred in violation of R.C.2941.25 in failing to find the offenses for which Mr. Boysel was convicted as allied offenses and in failing to merge the sentences of Mr. Boysel.

**{¶ 16}** Recently, we outlined the applicable law on this subject when we stated that:

In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus [overruling *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999)]. In *Johnson,* the Supreme Court of Ohio also outlined a two-part framework for evaluating merger issues.

The first consideration "is whether it is possible to commit one offense and commit the other with the same conduct * * *." (Citation omitted. Emphasis in original.) *Id.* at ¶ 48. "If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.*

If the first prong is satisfied, the nest consideration is "whether the offense were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id*. at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). However, "if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Id.* at ¶ 51.

The Supreme Court of Ohio has interpreted the term "animus" to mean "purpose or, more properly, immediate motive." *State v. Logan,* 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979) * * * . "Like all mental states, animus is often

difficult to prove directly, but must be inferred from the surrounding circumstances. * * * Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, A priori, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime." *Logan* at 131. "If the defendant acted with the same purpose, intent, or motive in both instances, the animus is identical for both offenses." *State v. Lewis,* 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 13.

*State v. Grissom,* 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 37-40.

**{¶ 17}** In applying the *Johnson* test to the case before us, we find that it is possible to commit both offenses at issue with the same conduct. Next, we are required to determine whether the offenses were committed by the same conduct, with a single state of mind, rather than committed separately or with a separate animus for each offense.

**{¶ 18}** In this regard, we note that Boysel possessed the firearm when he was apprehended in the store. The record is devoid of any evidence as to when Boysel acquired the firearm. In the absence of any affirmative evidence to the contrary, we may infer that Boysel possessed the firearm when he entered Wal-Mart. In a similar situation we noted that:

* * * "[T]he defendant bears the burden to prove entitlement to merger." *State v. Jackson,* 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 134, citing *State v. Thomas,* 10th Dist. Franklin No. 10AP-557, 2011-Ohio-1191, ¶ 16. Here, [the defendant] failed to meet his burden of proof, as there is nothing in the record demonstrating that the felonious assault and weapons under disability offenses

were committed with the same animus as in [*State v. Fairman,* 2d Dist. Montgomery No. 24299, 2011-Ohio-6489]. Without any evidence to the contrary, we conclude that Grissom's choice to possess a gun while under disability was separate and distinct from his choice to fire the gun at Sammons. Accordingly, the offenses are not allied offenses of similar import subject to merger under R.C. 2941.25.

*Grissom* at ¶ 44.

**{¶ 19}** In a related context, the Eighth District Court of Appeals has stressed that "the 'animus of having a weapon under disability is making a conscious choice to possess a weapon. [The defendant] necessarily acquired the guns sometime prior to committing the other crimes. The fact that he then used the weapons to commit the other crimes does not absolve [the defendant] of the criminal liability that arises solely from his decision to illegally possess the weapons.' " *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 19, quoting *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 39. (Other citation omitted.) *See, also, State v. Brown,* 3rd Dist. Allen No. 1-12-33, 2013-Ohio-854, ¶ 18 (continued possession of a firearm after commission of a crime demonstrates a separate animus).

**{¶ 20}** Boysel's intention to possess the firearm occurred prior to his entering the store. He then committed robbery by shoplifting the razors inside the store. We have held that when one offense is completed prior to the completion of another offense during the defendant's course of conduct, those offenses are separate acts. *State v. Mooty*, 2d Dist. Montgomery No. 25669, 2014-Ohio-733, ¶ 49, 51, 55, 58, 64, and 66. (Endangering Children, Complicity to Felonious Assault, and Permitting Child Abuse offenses "were committed separately and with a separate

animus as to each"). *See, also*, *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 24 (Burglary and Robbery were committed separately). In *Turner*, the offender committed the burglary upon forcing his way into the victims' home, and committed robbery when he beat and robbed the occupants. In this regard, we stated that:

> Because one offense was complete before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B), notwithstanding their proximity in time and that one was committed in order to commit the other.

*Turner* at ¶ 24.

**{¶ 21}** The crime of Having a Weapon Under Disability was completed prior to the time Boysel entered the store. Accordingly, we find that Boysel committed the two crimes with different animuses.

**{¶ 22}** Based on the preceding discussion, Boysel's third assignment of error is overruled.

### IV. Conclusion

**{¶ 23}** All of Boysel's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, P.J., concurs in judgment only.

Given my concurring opinion in *Rodeffer*, I concur in judgment only.

Copies mailed to:

Lisa M. Fannin
Patrick D. Walsh
Hon. Richard J. O'Neill