[Cite as *State v. Rones*, 2023-Ohio-60.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     30073 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MURRY RONES | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     21-CRB-04351 |

DECISION AND JOURNAL ENTRY

Dated: January 11, 2023

CALLAHAN, Judge.

**{¶1}** Appellant, Murry Rones, appeals his conviction by the Akron Municipal Court. This Court affirms.

I.

**{¶2}** On June 6, 2021, two Akron police officers responded to a call that reported a man exhibiting disruptive behavior. The officers encountered Mr. Rones in a residential neighborhood. When they approached him to assess his welfare, Mr. Rones became "irate and agitated." The officers attempted to engage Mr. Rones in conversation, but his tone and body language became increasingly aggressive; his behavior escalated to the point where he "was yelling very loudly, swearing and cursing." As his behavior became "turbulent[,]" one of the officers cautioned Mr. Rones that he risked arrest for disorderly conduct. Mr. Rones moved toward his parked vehicle, cautioning that the officers were "going to have to shoot him." Throughout his interaction with

the officers, Mr. Rones referenced a period of previous incarceration and his history of interactions with law enforcement.

{¶3} Fearing that Mr. Rones could have a weapon in the vehicle, the officers attempted to gain control of him physically. They were unsuccessful, however, due to Mr. Rones' agitated state, physical size, and notable strength. One of the officers deployed a taser, but it proved ineffective because of the distance between the officer and Mr. Rones. The two officers eventually restrained Mr. Rones, who then became "compliant and friendly." Other officers responded to the scene for backup, and a sergeant also arrived to interview Mr. Rones pursuant to the department's use of force policy.

{¶4} Mr. Rones was charged under the Akron Code of Ordinances with disorderly conduct, resisting arrest, and obstruction of official business. He filed a motion in limine to exclude body-worn camera recordings of the incident to the extent that they contained his own statements referring to a previous period of incarceration. He also moved to exclude any further references to those statements by the officers. The trial court denied the motion but also stated that "[o]bviously, part of the ruling of denying the Motion in Limine is that the parties don't make any additional issue of the statements that defendant made[.]"

{¶5} A jury found Mr. Rones guilty of each of the charges. The trial court sentenced him to concurrent jail terms and imposed, but suspended, fines for each conviction. Mr. Rones appealed, raising three assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CERTAIN RECORDED STATEMENTS MADE BY DEFENDANT DURING HIS ARREST RELATED TO PRIOR CRIMINAL CONDUCT AND INCARCERATION. THE STATEMENTS OF DEFENDANT

WERE SIGNIFICANTLY MORE PREJUDICIAL THAN PROBATIVE AND SHOULD HAVE BEEN EXCLUDED UNDER EVID.R. 403.

{¶6} Mr. Rones' first assignment of error argues that the trial court erred by denying his motion in limine to exclude the portion of body-worn camera footage that contained his own statements about his prior incarceration.

{¶7} As an initial matter, the State maintains that Mr. Rones forfeited this argument by failing to renew his motion at trial. Since amendments to the Rules of Evidence in 2017, however, Evid.R. 103 has provided that "[o]nce the court rules definitely on the record, either before or at trial, a party need not renew an objection * * * to preserve a claim of error for appeal." *See also State v. Lewis*, 9th Dist. Summit No. 29696, 2021-Ohio-1575, ¶ 34. Because the trial court denied Mr. Rones' motion in limine definitely on the record, the arguments in his first assignment of error have not been forfeited.

{¶8} Nonetheless, this Court cannot reach the merits of Mr. Rones' argument regarding the motion in limine. "The obligation to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal lies with the appellant[]" and this Court has "consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, [we are] compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5. Although the transcript of proceedings references a written motion—and it appears from the docket that a motion was filed—the motion in limine itself is not part of the record in this appeal. This Court must, therefore, presume regularity in connection with the trial court's decision to deny the motion in limine.

{¶9} Mr. Rones' first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE PROSECUTOR FOR THE STATE ENGAGED IN PROSECUTORIAL MISCONDUCT WHEN THEY INQUIRED OF A STATE'S WITNESS ABOUT DEFENDANT HAVING BEEN IN PRISON AFTER THE [TRIAL] COURT HAD SPECIFICALLY INSTRUCTED THE STATE IT WAS NOT TO DISCUSS THE ISSUE IN FRONT OF THE JURY.  AS A RESULT OF THIS MISCONDUCT DEFENDANT WAS DEPRIVED OF A FAIR TRIAL.

{¶10}  In his second assignment of error, Mr. Rones argues that he was deprived of a fair trial because the State referenced his comments during the direct examination of one of the police officers.  This Court does not agree.

{¶11}  When prosecutorial misconduct is alleged, this Court must consider whether the remarks at issue were improper and, if they were, whether the defendant's substantial rights were prejudicially affected.  *State v. Kirkland*, 160 Ohio St.3d 389, 2020-Ohio-4079, ¶ 115.  In short, the test for determining whether prosecutorial misconduct has occurred is "whether the conduct complained of deprived the defendant of a fair trial."  *State v. Fears*, 86 Ohio St.3d 329, 332 (1999).  It is this consideration—rather than the culpability of the prosecutor—that forms the touchstone of the analysis.  *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 155, quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982).  With respect to determining whether a defendant was deprived of a fair trial, this Court must consider "the effect the misconduct had on the jury in the context of the entire trial."  *State v. Keenan*, 66 Ohio St.3d 402, 410 (1993).

{¶12}  Mr. Rones argues that the State committed prosecutorial misconduct by asking a single question: "Okay.  Now, we heard some portion there about Mr. Rones stating that he had done some prior prison time?"  Defense counsel immediately objected to the question, and the trial court sustained the objection without a response by the witness.  In a sidebar, the trial court stated that its ruling required the State to refrain from discussing or mentioning Mr. Rones' recorded statements.  The State, on the other hand, explained that it believed a follow-up question about

what had been heard in the video was within the scope of the ruling. The trial court reiterated the substance of its ruling as follows: "It was heard and that was it. We don't discuss it." No further mention was made of Mr. Rones' statements during the trial.

{¶13} Given the context of the State's question within the trial—including the language of the trial court's ruling denying the motion in limine and the clarifying statements that the trial court made later—this Court cannot conclude that this isolated and unanswered question deprived Mr. Rones of a fair trial. Moreover, the trial court sustained the objection to the State's question. *See State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 162 (noting, in the context an argument regarding prosecutorial misconduct, that "[a]n appellant cannot predicate error on objections the trial court sustained."). *See also State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 171; *State v. Moreland*, 9th Dist. Summit No. 27910, 2016-Ohio-7588, ¶ 26.

{¶14} Mr. Rones' second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR MISTRIAL IN RESPONSE TO THE STATE'S DIRECT QUESTIONING OF A STATE WITNESS ABOUT DEFENDANT'S PREVIOUS PRISON INCARCERATION IN CONTRADICTION AND VIOLATION OF THE [TRIAL COURT'S] ORDER.

{¶15} In his third assignment of error, Mr. Rones argues that the trial court erred by denying his motion for a mistrial in response to the State's question regarding Mr. Rones' statement.

{¶16} A mistrial may be granted "when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). The determination of whether a mistrial is warranted rests in the discretion of the trial court, and "[t]here are no exact standards to apply in evaluating whether a trial court should declare a mistrial in a particular case." *State v.*

*Hickman*, 9th Dist. Summit No. 27321, 2015-Ohio-4668, ¶ 21. When alleged prosecutorial misconduct is the grounds for a motion for mistrial, the substantive standard for considering whether prosecutorial misconduct occurred is the same. *See State v. Moss*, 9th Dist. Summit No. 30005, 2022-Ohio-1833, ¶ 44, quoting *State v. Dukles*, 9th Dist. Medina No. 12CA0100-M, 2013-Ohio-5263, ¶ 33. This Court reviews a trial court's decision to deny a mistrial for an abuse of discretion. *Moss* at ¶ 43. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶17} In resolving Mr. Rones' second assignment of error, this Court concluded that the State's single unanswered question, to which the trial court sustained an objection, did not deprive Mr. Rones of a fair trial. For the same reason, we must conclude that the trial court did not abuse its discretion by denying a mistrial on this basis.

{¶18} Mr. Rones' third assignment of error is overruled.

III.

{¶19} Mr. Rones' assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID M. LOWRY, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and KIRSTEN L. SMITH and MICHAEL A. WALSH, Assistant Directors of Law, for Appellee.