[Cite as *State v. Morgan*, 2025-Ohio-2284.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.    24CA012078 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TABITHA MORGAN | ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    2023CRB01037 |

## DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

SUTTON, Judge.

{¶1}    Defendant-Appellant Tabitha Morgan appeals the judgment of the Elyria Municipal Court.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    This appeal arises from an incident that occurred during a traffic stop for a tinted window violation involving Ms. Morgan's 18 year-old son.  During the traffic stop, Ms. Morgan arrived on scene and began questioning one of the officers about why the police were searching her son's vehicle.  As the officer attempted to explain what had occurred, and that the police did not search the vehicle, Ms. Morgan began yelling and talking over the officer while holding up her cell phone to record the situation.  Ms. Morgan, at one point, stood in the middle of the street holding her cell phone in the air while she continued arguing with the officer.  The officer twice directed Ms. Morgan to go stand on the sidewalk on the opposite side of street from where her

son's vehicle was parked. The officer also told Ms. Morgan if she came back over to her son's vehicle before the traffic citation was issued, she would be arrested for obstruction. Ms. Morgan walked back across the street to her son's vehicle before the traffic citation was issued. At that time, Ms. Morgan was placed under arrest.

{¶3} Ms. Morgan was charged with obstructing official business, in violation of R.C. 2921.31, a misdemeanor of the second degree; and disorderly conduct, in violation of R.C. 2917.11(E)(3)(a), a misdemeanor of the fourth degree. Ms. Morgan pleaded not guilty to the charges and the matter proceeded to jury trial. Two police officers from the Elyria Police Department testified at trial and the jury saw body camera video footage of the incident. After the State closed its case, Ms. Morgan made a Crim.R. 29 motion which the trial court denied. The jury found Ms. Morgan not guilty of disorderly conduct and guilty of obstructing official business. The trial court sentenced Ms. Morgan to 90 days in jail with 76 days suspended, a $750 fine with $250 suspended, no further incidents for 5 years as a condition of the suspensions, and to obtain a mental health evaluation and follow all recommendations of treatment.

{¶4} Ms. Morgan then filed a motion for stay pending appeal, a motion to suspend court costs, a motion to modify jail sentence, a motion for Crim.R. 29 acquittal, and a motion for new trial. The trial court denied all motions.

{¶5} Ms. Morgan appealed raising four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION OF OBSTRUCTING OFFICIAL BUSINESS IN VIOLATION OF R.C. 2921.31, AS MS. MORGAN DID NOT PURPOSELY PREVENT, OBSTRUCT, OR DELAY SERGEANT WEBBER, A PUBLIC OFFICIAL, BY HAMPERING OR IMPEDING HIM IN THE PERFORMANCE OF HIS DUTIES.**

{¶6} In her first assignment of error, Ms. Morgan argues her conviction for obstructing official business is not supported by sufficient evidence.

{¶7} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶8} R.C. 2921.31 (A) states:

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

"A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). "Purpose can be established by circumstantial evidence and may be ascertained from the surrounding facts and circumstances of the case." *State v. Zupancic*, 2021-Ohio-1448, ¶ 7 (9th Dist.), quoting *North Ridgeville v. Reichbaum*, 112 Ohio App.3d 79, 85 (9th Dist.1996). "Law enforcement officers are considered public officials." *Zupancic* at ¶ 7, citing R.C. 2921.01(A).

{¶9} "[A] suspect may indeed obstruct official business when [she] creates a significant delay by ignoring an officer's repeated orders, thereby impeding the officer's ability to perform his lawful duties." *State v. Moss*, 2018-Ohio-4747, ¶ 12 (9th Dist.). "Rather than viewing the suspect[']s actions in isolation, the total course of [her] conduct must be considered." *Id*. citing *State v. Overholt*, 1999 WL 635717, *1-2, (9th Dist. 1999). "Multiple affirmative acts that go beyond a single act []-such as shouting and repeatedly answering police questions posed to a different individual, despite several warnings to refrain from such conduct-may constitute sufficient evidence to support a conviction for obstructing official business." *Moss* at *¶* 12.

{¶10} Here, the evidence shows Officer Kyle Kelly initiated a traffic stop for a window tint violation. During the course of the traffic stop, the driver of the vehicle closed the driver's side window while Officer Kelly attempted to obtain information from the passenger, who happened to be the driver's sister. When the driver closed the window, he and his sister were on the phone with their mother, Ms. Morgan.

{¶11} Sergeant Jacob Webber arrived on scene to provide back-up for Officer Kelly and asked the driver to step out of the vehicle. The driver indicated he was cold and Sergeant Webber allowed him to get a sweatshirt and jogging pants out of the vehicle's trunk. Ms. Morgan arrived on scene and approached her son's vehicle. Ms. Morgan questioned Sergeant Webber about why the police were searching her son's vehicle and Sergeant Webber tried to explain the vehicle had not been searched. Ms. Morgan yelled at Sergeant Webber that she was recording the situation on her cell phone and Sergeant Webber explained he was also recording the incident with his body camera. Ms. Morgan walked backward onto the road, holding her cell phone in the air, and continued yelling and talking over Sergeant Webber.

{¶12}  The body camera footage shows Sergeant Webber twice directing Ms. Morgan to go stand on the sidewalk across the street until the police completed the traffic stop and issued a citation.  Sergeant Webber explained to Ms. Morgan that she could then speak with her son directly about the incident.  Additionally, Sergeant Webber warned Ms. Morgan if she crossed the road and interfered one more time with the traffic stop he would arrest her for obstruction.  Ms. Morgan walked back  to her son's vehicle prior to the issuance of a traffic citation and Sergeant Webber placed her under arrest.  The body camera footage of the entire incident was played for the jury and submitted into evidence.

{¶13}  At trial, Sergeant Webber testified regarding the impact of Ms. Morgan's conduct on his ability to perform his lawful duties as follows:

> Obviously, you guys know that I have a gun on my hip.  All right.  While I'm turning to the left talking to [Ms. Morgan], where is my gun?  It's next to her son.  So if he wanted to take me out, go for my gun, it's an officer safety issue.
>
> [Ms. Morgan] is distracting me from what's going on behind me and what's going on in the car[.] . . .So being totally exposed by being distracted by [Ms. Morgan] is taking away scene security for me.
>
> I'm good with her recording and all that type of stuff.  I'm recording, too.  But now that I'm being distracted with what's going on and the nature of my traffic stop, I do have a problem there.

Sergeant Webber also testified he made clear to Ms. Morgan that if she came back over to her son's vehicle, before the police completed the traffic stop, she would be arrested.

{¶14}  After viewing the evidence contained in the record in a light most favorable to the State, we conclude the State presented sufficient evidence, if believed, that Ms. Morgan committed the offense of obstructing official business.  Ms. Morgan approached her son's vehicle during a traffic stop, interrupted the stop, and hampered or impeded Sergeant Webber from performing his lawful duties.   The body camara footage shows Ms. Morgan yelling, talking over Sergeant

Webber, questioning Sergeant Webber about the traffic stop, standing in the middle of the road, and ignoring Sergeant Webber's directives. Sergeant Webber is focused on Ms. Morgan's conduct instead of the traffic stop at issue and the safety of those involved in the traffic stop. Sergeant Webber clearly informed Ms. Morgan if she interferes further by crossing the street prior to the completion of the traffic stop, he will place her under arrest. Notwithstanding that warning, Ms. Morgan crossed the street and came back over to her son's vehicle before the traffic stop was completed. As such, in reviewing the total course of Ms. Morgan's conduct, any rational trier of fact could have found all of the essential elements of obstructing official business proven beyond a reasonable doubt.

{¶15} Accordingly, Ms. Morgan's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED TO THE PREJUDICE OF MS. MORGAN WHEN IT FAILED TO IDENTIFY THE PUBLIC [OFFICIAL] IN THE COMPLAINT, NAMELY SERGEANT WEBBER; AND DENIED HER MOTIONS FOR A NEW TRIAL AND HER MOTION FOR ACQUITTAL.**

{¶16} In her second assignment of error, Ms. Morgan argues, based upon the language in the complaint charging Ms. Morgan with obstructing official business, the trial court erred in failing to instruct the jury to decide the case based only upon Ms. Morgan's interactions with Sergeant Webber. Specifically, Ms. Morgan challenges the trial court's denial of her Crim.R. 29 motion filed 1 day after the jury trial and her motion for a new trial.

### Crim.R. 29 Motion for Acquittal

{¶17} As indicated in our resolution of Ms. Morgan's first assignment of error, after viewing the evidence contained in the record in a light most favorable to the State, specifically Sergeant Webber's testimony and the body camera video footage, the State presented sufficient evidence, if believed, to support Ms. Morgan's conviction for obstructing official business.

Therefore, the trial court did not err in denying Ms. Morgan's Crim.R. 29 motion filed 1 day after the jury trial.

**Crim.R. 33 Motion for New Trial**

{¶18}  An appellate court reviews a trial court's ruling on a motion for new trial under an abuse of discretion standard of review. *State v. Roper*, 2021-Ohio-188, ¶ 8 (9th Dist.), citing *State v. Pyle*, 2018-Ohio-3160, ¶ 47 (9th Dist.). Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶19}  As it relates to Ms. Morgan's motion, Crim.R. 33 states, in relevant part:

(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

. . .

(4) That the verdict is contrary to law; [or]

(5) Error of law occurring at the trial[.]

In her motion for a new trial, Ms. Morgan argued she is entitled to a new trial because the trial court failed to amend the jury instructions for the jury to consider the charge for obstruction of official business only with respect to Sergeant Webber, as stated in the complaint.

{¶20}  In denying Ms. Morgan's motion for a new trial, the trial court stated, in relevant part:

[Ms. Morgan] requests a new trial because the [c]omplaint specifically alleges that [her] violations are based upon her interactions with [Sergeant] Webber, but the [c]omplaint does not specifically list [Officer] Kelly.  Defense counsel did not notice this issue until after the close of all the evidence and just prior to closing arguments and the jury charge.  Defense counsel requested that an instruction be

provided to the jury limiting the evidence regarding the charge to [Sergeant Webber] only. The [c]ourt and counsel for both the State and [Ms. Morgan] had agreed that the jury instructions were complete after [Ms. Morgan] declined to take the stand or present other witnesses.

The [c]ourt denied the motion based upon the fact that [Ms. Morgan's] request was not submitted until after the close of all the evidence and the [c]ourt determined that the listing of [Sergeant] Webber alone on the [c]omplaint would not have made a difference with respect to the evidence presented. Only [Sergeant] Webber had interactions with [Ms. Morgan]. The [c]ourt also determined that introducing this issue after the close of all the evidence may prejudice the State because it otherwise may have presented more evidence specifically to [Sergeant] Webber.

**{¶21}** Here, the record reveals Ms. Morgan's counsel submitted the following proposed jury instruction as to obstructing official business prior to trial:

The Defendant is charged in Count One of the Complaint with Obstructing Official Business. Before you can find the [D]efendant guilty, you must find beyond a reasonable doubt that:

1. on or about April 7, 2023
2. and in the City of Elyria in Lorain County
3. the defendant
4. without privilege to do so
5. and with the purpose to prevent, obstruct, or delay
6. the performance by a public official of any authorized act within     his/her official capacity
7. did an act that hampered or impeded the public official in the performance of his/her lawful duties.

Notably, the final jury instruction on obstructing official business, which also refers to a generic public official instead of a named person, mirrors Ms. Morgan's proposed jury instruction almost verbatim.

**{¶22}** Indeed, "under the invited error doctrine, a defendant may not "'take advantage of an error which he himself invited or induced.'" *State v. Ford*, 2019-Ohio-4539, ¶ 279, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus. "'[A] litigant cannot be permitted, either intentionally or [unintentionally] to induce or mislead a court into the commission of an error and then procure a

reversal of the judgment for an error for which he was actively responsible.'" (Alteration in original.) *State v. Grether*, 2019-Ohio-4243, ¶ 27 (9th Dist.), quoting *State v. Ealy*, 2016-Ohio-1185, ¶ 30 (10th Dist.). *See also State v. Hicks*, 2023-Ohio-3517, ¶ 19 (9th Dist.).

{¶23} Assuming *arguendo* it was error for the trial court to deny Ms. Morgan's counsel's request to amend the jury instructions to specifically include Sergeant Webber's name after the close of evidence in the case and prior to the charge to the jury, Ms. Morgan invited this error by proposing a jury instruction for obstructing official business that refers generically to a public official, instead of specifically to Sergeant Webber. This language was then agreed upon by counsel for both parties and the trial court. As such, any alleged error was invited by Ms. Morgan and is therefore not reversible error under the invited error doctrine. *State v. Dixon*, 2022-Ohio-4454, ¶ 42 (4th Dist.). quoting *State v. O.A.B.*, 2020-Ohio-547, ¶ 32 ("Any error in relation to a jury instruction specifically requested by the defense is invited, and, in order to prevent a party from inducing the trial court to commit an error and later take advantage of it on appeal, we deem any error that may have resulted from a requested instruction as being waived.")

{¶24} Accordingly, Ms. Morgan's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT DENIED MS. MORGAN HER RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS AND ABUSED ITS DISCRETION BY IMPOSING A FINE WITHOUT INQUIRING INTO HER ABILITY TO PAY WITHOUT UNDUE HARDSHIP, AS REQUIRED UNDER R.C. 2929.19(B)[1].**

{¶25} In her third assignment of error, Ms. Morgan argues the trial court denied her due process by imposing a fine without first holding a hearing to inquire into her ability to pay without undue hardship.

---

[1] We note R.C. 2929.19(B) applies to felony sentencing.

{¶26} R.C. 2929.28 states, in relevant part:

(A) In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section[.]

(B) If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs.

{¶27} Based upon the plain language in R.C. 2929.28(B), which applies to financial sanctions in misdemeanor cases, a trial court may, in its discretion, hold a hearing to determine whether a defendant is able to pay a financial sanction if it determines such a hearing is necessary. Here, prior to sentencing, the trial court learned Ms. Morgan was, in fact, employed when Ms. Morgan's counsel argued for a report date for jail. As such, we cannot conclude the trial court abused its discretion in deciding that a hearing to determine whether Ms. Morgan could pay a financial sanction was unnecessary. *See Blakemore*, 5 Ohio St. 3d at 219 ("An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable."). *See also State v. Chavers*, 2005-Ohio-714, ¶ 6 (9th Dist.) wherein this Court affirmed a trial court's order of financial sanctions without a hearing ("In the instant matter, the trial court was aware of Appellant's financial status at the time of sentencing."); *State v. Coryell*, 2009-Ohio-1984, ¶ 24 (9th Dist.) ("[R.C. 2929.28(B) further provides that the court may conduct a hearing to determine the offender's ability to pay the financial sanction imposed. [] However, the court is not required to hold such a hearing.").

{¶28} Lastly, to the extent Ms. Morgan argues misdemeanor sentencing issues which are beyond the scope of Ms. Morgan's captioned assignment of error, this Court declines to address them. *See State v. Pleban*, 2011–Ohio–3254, ¶ 41 (9th Dist.), quoting *State v. Marzolf*, 2009–

Ohio–3001, ¶ 16 (9th Dist.) ("An appellant's captioned assignment of error 'provides this Court with a roadmap on appeal and directs this Court's analysis.'"). *See also* App.R. 16(A)(7).

{¶29} Accordingly, Ms. Morgan's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE'S WITNESS TO TESTIFY ABOUT HEARSAY STATEMENTS IN A POLICE REPORT IN VIOLATION OF MS. MORGAN'S RIGHTS AFFORDED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

{¶30} In her fourth assignment of error, Ms. Morgan argues the trial court erred in allowing Officer Kelly to testify about "hearsay statements" in Sergeant Webber's police report when the State attempted to refresh Officer Kelly's recollection with Sergeant Webber's report.

{¶31} Notably, Ms. Morgan did not object to the admission of hearsay statements, through the use of Sergeant Webber's report, during Officer Kelly's testimony at trial. Instead, Ms. Morgan objected to whether Officer Kelly should be allowed to read the report while testifying and also objected to the State asking a leading question pertaining to the report. As such, Ms. Morgan has forfeited all but plain error.

{¶32} "Criminal Rule 52(B) permits this Court to notice plain errors or defects that affected a substantial right in the absence of an objection in the trial court." *State v. Alexander*, 2023-Ohio-3450, ¶ 36 (9th Dist.). Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis in original.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 14. "This Court can only notice plain error when there has been a deviation from a legal rule that constitutes an obvious defect in the trial proceedings that affected the outcome of the trial." *Alexander* at ¶ 36, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "We do so only in exceptional circumstances to prevent a manifest

miscarriage of justice." *Alexander* at ¶ 36, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶33} Here, although Ms. Morgan cites the plain error standard in her brief, she does not develop an argument that allowing Officer Kelly to refresh his recollection of events by reviewing Sergeant Webber's report, when Sergeant Webber also testified about the report and was subject to cross-examination, is an exceptional circumstance warranting the notice of plain error to prevent a manifest miscarriage of justice. Because Ms. Morgan did not develop a plain error argument on appeal, this Court will not develop one on her behalf. *See State v. Krowiak*, 2022-Ohio-413, ¶ 45 (9th Dist.).

{¶34} Accordingly, Ms. Morgan's fourth assignment of error is overruled. .

### III.

{¶35} For the foregoing reasons, Ms. Morgan's four assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

MATT KISHMAN, Assistant Prosecuting Attorney, for Appellee.