**[Cite as *State v. Jouett*, 2026-Ohio-1704.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2025CA0041-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID M. JOUETT | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2024-CR-0747 |

DECISION AND JOURNAL ENTRY

Dated: May 11, 2026

STEVENSON, Judge.

{¶1} Defendant-Appellant, David Jouett, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Jouett is the father of B.P., who was born in September 2009. The Medina County Domestic Relations Court ordered him to pay child support for B.P. in the amount of $251.78 per month. When he failed to meet his court-ordered obligation, a grand jury indicted him on one count of nonsupport of dependents in violation of R.C. 2919.21(B). At the time of his indictment, Mr. Jouett's arrearages exceeded $13,000.

{¶3} Mr. Jouett's indictment alleged that, between October 1, 2022, and September 30, 2024, he failed to make support payments for a period of 26 weeks out of a 104-week period. The indictment charged him with a fourth-degree felony based on his having previously been convicted of a felony for nonsupport of dependents. Mr. Jouett stipulated to his prior felony conviction.

{¶4} A jury found Mr. Jouett guilty, and the trial court sentenced him to one year in prison. Mr. Jouett now appeals from the court's judgment and raises four assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

**THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY VERDICT OF GUILTY.**

{¶5} In his first assignment of error, Mr. Jouett argues that his conviction is based on insufficient evidence. We disagree.

{¶6} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶7} A person commits the crime of nonsupport of dependents if he

abandon[s], or fail[s] to provide support as established by a court order to, another person whom, by court order or decree, the person:

(a) Is legally obligated to support; or

(b) Was legally obligated to support, and an amount for support:

(i) Was due and owing prior to the date the person's duty to pay current support terminated; and

(ii) Remains unpaid.

R.C. 2919.21(B)(1). Nonsupport of dependents is a felony when certain aggravating elements exist. The crime is a fifth-degree felony when a person "previously has been convicted of or pleaded guilty to a violation of [R.C. 2919.21(A)(2) or (B)] or if [he] has failed to provide support under [R.C. 2919.21(A)(2) or (B)] for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive . . . ." R.C. 2919.21(G)(1). The crime is a fourth-degree felony when a person "previously has been convicted of or pleaded guilty to a felony violation of [R.C. 2919.21] . . . ." *Id.*

{¶8} B.P.'s mother testified that her daughter was born in September 2009 and Mr. Jouett was the father. She testified that he was ordered to pay child support but rarely made payments. She could not recall any payments he had made between October 2022 and September 2024. She stated that "the complete lack of . . . financial support from [Mr. Jouett] has just been the normal over the years."

{¶9} A caseworker from the Medina County Child Support Enforcement Agency testified regarding the court order that applied to Mr. Jouett and his payment history. The caseworker explained that Mr. Jouett was subject to a court order from the Medina County Domestic Relations Court, ordering him to pay $251.78 per month in child support for B.P. She testified that Mr. Jouett had failed to make payments for 82 weeks of the 104-week period between October 1, 2022, and September 30, 2024. She indicated that his total arrearages amounted to $14,665.97.

{¶10} The parties stipulated that Mr. Jouett had a prior conviction for nonsupport of dependents. They stipulated that, in 2020, he was convicted of a fifth-degree felony nonsupport of dependents in Medina Case No. 20CR0118.

{¶11} Mr. Jouett argues that his conviction is based on insufficient evidence because B.P.'s mother only guessed at the number of child support payments he made and there was evidence that she received Medicaid. Further, he notes that the caseworker acknowledged he made payments in 2020 and 2021.

{¶12} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded that the State proved, beyond a reasonable doubt, that Mr. Jouett was guilty of nonsupport of dependents. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. The State set forth evidence of the court order that applied to Mr. Jouett, his failure to make his legally obligated support payments, and the fact of his prior felony conviction. *See* R.C. 2919.21(B)(1), (G)(1). The caseworker specifically testified regarding his court order and payment history. To the extent Mr. Jouett notes that B.P.'s mother received Medicaid, "[i]t is not a defense to a charge under [R.C. 2919.21(B)] that the person whom a court has ordered the accused to support is being adequately supported by someone other than the accused." R.C. 2919.21(F). Mr. Jouett has not shown that his conviction is based on insufficient evidence. Accordingly, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶13} In his second assignment of error, Mr. Jouett argues that his conviction is against the manifest weight of the evidence. We disagree.

{¶14} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction

must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶15} Mr. Jouett argues that his conviction is against the manifest weight of the evidence because the jury "substituted opinion and speculation for factual evidence . . ." He asserts that "[r]easonable doubt precluded the finding of guilty in this case." He has not cited any portion of the record in support of his position. Nor has he developed any argument based upon credibility or the weight to be given to any piece of evidence or testimony. *See* App.R. 16(A)(7).

{¶16} "[S]ufficiency and manifest weight are two separate, legally distinct arguments." *State v. Vincente-Colon*, 2010-Ohio-6242, ¶ 20 (9th Dist.). Sufficiency tests the State's burden of production while manifest weight tests its burden of persuasion. *See State v. Ross*, 2023-Ohio-1185, ¶ 10 (9th Dist.). Thus, manifest weight challenges concern the reliability or believability of the State's evidence, not its adequacy. *See State v. Yatson*, 2022-Ohio-2621, ¶ 69 (9th Dist.).

{¶17} Upon review, Mr. Jouett has not presented this Court with a manifest weight argument. We will not create one on his behalf. *See State v. Austin*, 2025-Ohio-4543, ¶ 40 (9th Dist.); *State v. Filip*, 2017-Ohio-5622, ¶ 42 (9th Dist.). Given his limited argument, and following a thorough review of the record, we cannot say the jury lost its way in finding him guilty. Accordingly, his second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED WHEN AND PREJUDICED [MR. JOUETT'S] RIGHT TO A FAIR TRIAL BY FAILURE TO DECLARE MISTRIAL[.] (Sic.)**

{¶18} In his third assignment of error, Mr. Jouett argues the trial court erred by refusing to declare a mistrial. We do not agree.

{¶19}   A mistrial must be declared "only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). "Because 'the trial judge is in the best position to determine whether the situation in [the] courtroom warrants the declaration of a mistrial[,]' the decision is one committed to the discretion of the trial court." *State v. Graham*, 2023-Ohio-1784, ¶ 12 (9th Dist.), quoting *State v. Glover*, 35 Ohio St.3d 18, 19 (1988). "This Court reviews a trial court's decision to deny a mistrial for an abuse of discretion." *State v. Rones*, 2023-Ohio-60, ¶ 16 (9th Dist.). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶20}   Before the attorneys were set to give their closing arguments, the trial court released the jury for lunch. When the jury returned to the courtroom, the following exchange occurred:

THE COURT: . . . Ladies and Gentleman of the Jury, did you have a good lunch?

THE JURY: Yes.

[JUROR P]: Oh, yeah. We spent our twenty dollars already.

THE COURT: Excellent. So we are ready to move on with the next stage of our trial, which is the closing arguments.

Mr. Jouett did not immediately object or otherwise indicate that he had an issue with the exchange.

{¶21}   When the jury left the courtroom to begin deliberations, Mr. Jouett moved for a mistrial. He sought a mistrial "because the juror indicated that he got paid twenty dollars and that he spent his money on his lunch and that his lunch cost him twenty dollars." Mr. Jouett believed the exchange showed the jury had been paid during the trial and "[t]hat's corruption."

{¶22}   The trial court denied Mr. Jouett's motion for a mistrial. In doing so, the court explained that Medina County pays every juror $20 per day for jury service. The court explained

that the money is not issued until after jury service concludes. The court stated that Juror P "may have spent his money on some lunch, but they are not paid until the end of their service."

**{¶23}** Mr. Jouett argues that he was entitled to a mistrial due to the "insinuation" that the jurors were paid before returning their verdict. He contends that jury duty is a civic duty, so any amount the jurors were paid was improper. His assignment of error also includes two statements of law on cumulative error.

**{¶24}** To the extent Mr. Jouett seeks to raise a claim of cumulative error, his captioned assignment of error only pertains to the trial court's failure to declare a mistrial. This Court generally will not address arguments that exceed the scope of an appellant's assigned error. *See State v. Morgan*, 2025-Ohio-2284, ¶ 28 (9th Dist.); *State v. Marzolf*, 2009-Ohio-3001, ¶ 16 (9th Dist.). Moreover, apart from citing the cumulative error standard, Mr. Jouett has not supported his cumulative error argument with any citations to the record or analysis. We will not construct an argument on his behalf. *See* App.R. 16(A)(7). For the following reasons, we reject his cumulative error argument and limit our review to his argument regarding the trial court's failure to declare a mistrial.

**{¶25}** Having reviewed the record, we cannot conclude that the trial court abused its discretion when it denied Mr. Jouett's motion for a mistrial. *See Rones*, 2023-Ohio-60, at ¶ 16 (9th Dist.). R.C. 2313.22(A) specifically provides for the compensation of jurors at a rate fixed by the board of county commissioners and paid out of the county treasury. The trial court explained to Mr. Jouett that the jurors in his case would receive $20 a day for their service after his trial concluded. The record supports the conclusion that Juror P's comment about the jury having "spent [their] twenty dollars already" on lunch was an attempt at humor rather than proof that the jury had been paid before reaching a verdict. The trial court's decision to deny the motion

for mistrial was neither unreasonable, arbitrary, nor unconscionable. *See Blakemore*, 5 Ohio St.3d at 219. Accordingly, Mr. Jouett's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

## JOUETT'S SENTENCE WAS EXCESSIVE[.]

{¶26} In his fourth assignment of error, Mr. Jouett argues that his sentence of one year in jail was excessive because it exceeded the minimum sentence for his offense. For the following reasons, we reject his argument.

{¶27} In reviewing a felony sentence, "[t]he appellate court's standard of review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶28} "Trial courts have full discretion to impose a prison sentence within the statutory range" and are not "required to make findings or give their reasons for imposing . . . more than the minimum sentences." *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. "Nevertheless, 'the court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Lucas*, 2019-Ohio-2607, ¶ 13 (9th Dist.), quoting *State v. Mathis*, 2006-Ohio-855, ¶ 38. While the trial court must consider statutory sentencing factors, "neither R.C.

2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 2014-Ohio-3651, ¶ 8 (9th Dist.), quoting *State v. Boysel*, 2014-Ohio-1272, ¶ 13 (2d Dist.).

{¶29} Mr. Jouett does not dispute that his one-year prison sentence falls well within the statutory range for his fourth-degree felony offense. *See* R.C. 2929.14(A)(4) (requiring a prison term between six to eighteen months for fourth-degree felonies). He simply argues that "[u]nder these facts, one year prison term is excessive . . . ." Yet, the facts showed he was more than $14,000 in arrears on his child support payments and had previously been convicted of a felony for failing to make his payments. The trial court indicated that his sentence was based on the record, the oral statements made at sentencing, and the principles and purposes of sentencing. The court had full discretion to impose a sentence within the statutory range, *see Foster* at paragraph seven of the syllabus, and it selected a mid-range sentence rather than the maximum sentence of eighteen months. The record does not support the conclusion that the trial court failed to consider the appropriate sentencing factors. Nor does it show that Mr. Jouett's sentence is "'strikingly inconsistent'" with those factors. *Fernandez* at ¶ 8, quoting *Boysel* at ¶ 13. Accordingly, Mr. Jouett's fourth assignment of error is overruled.

III.

{¶30} Mr. Jouett's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

CARR, P. J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

WESLEY ALTON JOHNSTON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.